RECEIVED
IN MONROE, LA.

AUG 2 5 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

YOLUNDA OWENS, ET AL.                    CIVIL ACTION NO. 06-0826

VERSUS                                   JUDGE ROBERT G. JAMES

PILGRIM'S PRIDE CORP.                    MAG. JUDGE KAREN L. HAYES

RULING

Pending before the Court is a Motion for Summary Judgment (Doc. No. 38) filed by

Defendant Pilgrim's Pride Corporation ("PPC") and an Opposition to PPC's Motion for

Summary Judgment [Doc. No. 46] filed by Defendant Yolanda Owens ("Owens").  For the

following reasons the Motion for Summary Judgment is DENIED.

I.      BACKGROUND

This case arises out of an injury that Owens suffered while working at a PPC facility as a

USDA inspector. A light fixture weighing between 20 and 60 pounds fell on Owens.  The

fixtures were purchased from third-party vendors and installed prior to PPC's purchase of the

facility.  PPC states that it did not modify the fixtures at any point prior to Owens' injury.

Owens claims the fixture fell as a result of a nut coming off a bolt that held the fixture

into a bracket.  The depositions of PPC employees indicate the nut may have been loosened by

vibrations from the machinery below, repeated pressure washing, and daily hand cleaning.  Prior

to Owens' injury, no similar incident had occurred at any of PPC's 36 plants.

Owens filed her Complaint [Doc. No. 1] against PPC on May 18, 2006 and her Amending

and Restated Complaint [Doc. No. 16]  on June 4, 2007 seeking to recover under Louisiana Civil

Code Articles 2315, 2317.1, 2322, and under the doctrine of res ipsa loquitur.  PPC filed a

Motion for Summary Judgment [Doc. No. 38] on June 16, 2008.  Owens filed her Opposition to

PPC's Motion for Summary Judgment [Doc. No. 46] on July 17, 2008.

On July 22, 2008, the Court issued an order [Doc. No. 59] granting Owens' Motion to

Compel [Doc. No. 40], which concerned evidence of falling fixture incidents that occurred after

Owens' injury. The case was stayed from December 8, 2008 [Doc. No. 72] until March 7, 2011

[Doc. No. 73] because of PPC's bankruptcy.

Owens filed a Supplemental Memorandum in Opposition to PPC's Motion for Summary

Judgment [Doc. No. 83] on July 22, 2011.  PPC filed a reply [Doc. No. 84] to Owens'

supplemental memorandum on August 8, 2011.

PPC moves for summary judgment because it claims to have lacked knowledge of the

defective condition.  In support of this motion, PPC states that its personnel conducted

reasonable maintenance on the fixtures and emphasizes there were no prior incidents of falling

fixtures.  PPC also requests that the Court decline to apply res ipsa loquitur because Owens does

not rely exclusively on circumstantial evidence.

## II.    ANALYSIS

### A.    Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "The court shall grant summary judgment if

the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  The moving party bears the

initial burden of informing the court of the basis for its motion by identifying portions of the

record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954

F.2d 1125, 1132 (5th Cir. 1992).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.  *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial.  *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994).  The nonmoving party must show more than "some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor.  *Anderson*, 477 U.S. at 255.

### B.     PPC's Knowledge of the Defective Condition under LA. CIV. CODE art. 2317.1.

The primary issue before the Court is whether PPC should have discovered the loose nut before Owens' injury.  Under Article 2317.1, "the owner or custodian of a thing is answerable for damages occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by reasonable care, and that he failed to exercise such reasonable care."  LA. CIV. CODE art. 2317.1.  PPC only contests whether it had sufficient knowledge to be liable for Owens' injuries.  Since no evidence indicates PPC had actual knowledge, PPC will only be liable if it had constructive knowledge.

A custodian is considered to have constructive knowledge of defects that he would have

discovered while exercising reasonable care toward the instrumentality.  *Johnson v. Entergy Corp.,* 36,323, p. 7-8 (La. App. 2 Cir. 9/20/2002); 827 So. 2d 1234, 1238.  Courts presume a custodian to have constructive knowledge of a defective condition if the condition has existed for a sufficient length of time or the defect is such that "one should have had knowledge of the condition."  *Charan v. Bowman,* 2006 0882, p. 16 (La. App. 1 Cir. 8/1/07); 965 So. 2d 466, 473.  In some instances, this duty of reasonable care may impart an affirmative duty to inspect a thing under the custodian's control, but this does not normally include the duty to hire a specialist to conduct an inspection.  *Bush v. XYZ Insurance Co.,* 38,867, p. 6 (La. App. 2 Cir. 08/18/04); 880 So. 2d 953, 956.  A mere lack of knowledge of prior incidents cannot be used to avoid liability. *Johnson, 827 So. 2d. at 1240.*

### 1.    Reasonable Maintenance

PPC argues that it conducted reasonable maintenance of the fixture without discovering the defect and therefore should not be held to constructive knowledge.  The depositions taken by Owens and PPC tend to show that PPC's maintenance consisted of replacing the light bulbs and occasionally testing the backup power supply.  PPC did not, however, instruct or train its maintenance personnel to check the fixtures' mounting framework, specifically the nut that eventually came off the bolt.

Owens has offered numerous depositions of PPC's maintenance employees and management personnel that demonstrate the loose nut would have been discovered by an inspection and that PPC did not conduct any such inspection. Additionally, these PPC employees testified that the machinery below created substantial vibrations in the fixtures, the fixtures were frequently pressure washed, and the light bulbs were cleaned by hand every day.  On this

4

evidence, a reasonable fact finder could conclude PPC should have inspected the fixtures for loose nuts prior to Owens' injury.

### 2.     Lack of Prior Incidents

PPC also emphasizes that Owens has offered no evidence of prior incidents.  Prior incidents, however, are not required for constructive knowledge.  *Johnson,* 827 So. 2d at 1240. In *Johnson v. Entergy*, the Louisiana Second Circuit considered whether a light pole placed within the "clear zone" of a roadway presented an unreasonable risk of harm.  *Id.* at 1236.  In part, the defendant argued the knowledge requirement was lacking because no similar incident had occurred.  *Id.* at 1240.  The court rejected the argument, noting  that "[t]he mere lack of knowledge of prior accidents by two longtime residents of the area does not indicate a lack of actual or constructive knowledge by [Defendant]."  *Id.*  Here, PPC may have had a duty to inspect the fixtures despite the absence of prior incidents, particularly in light of the high-pressure washes, vibrations, and weight of the backup power supplies.

### C.     Res Ipsa Loquitur

PPC argues the Court should not apply the doctrine of res ipsa loquitur because there is direct evidence of the alleged negligence.  Similarly, Owens requests the application of this doctrine only if there is insufficient direct evidence to survive the motion for summary judgment. Here, Owens has produced sufficient direct evidence to render the doctrine of res ipsa loquitur unavailable.  Res ipsa loquitur is an evidentiary doctrine that allows a presumption of negligence based on circumstantial evidence.  *Harper v. Advantage Gaming Co.,* 38,837, p. 11 (L.a. App. 2 Cir. 08/18/04); 880 So. 2d 948, 953.  The purpose of the doctrine, however, is to provide a means of presenting a prima facie case of negligence in the absence of direct evidence.  *Larkin v. State*

*Farm Mut. Auto. Ins. Co.,* 97 So. 2d 389, 392 (La. 1957). Therefore, res ipsa loquitur is not available where there is direct evidence of the defendant's negligence. *Linnear v. Centerpoint Energy*, 2006-3030, p. 13-14 (La. 09/05/07); 966 So. 2d 36, 42. Direct evidence is "[e]vidence in the form of testimony from a witness who actually saw, heard or touched the subject of questioning." BLACK'S LAW DICTIONARY 460 (6th ed. 1990).

Owens has offered testimony demonstrating why the fixtures fell (loose nut), the lack of inspections by PPC, as well as the potential of visual inspections to discover the defect. Therefore, res ipsa loquitur does not apply, and Owens will not be able to rely on the doctrine at trial.

III.    **CONCLUSION**

For the foregoing reasons, PPC's Motion for Summary Judgment [Doc. No. 38] is DENIED.

MONROE, LOUISIANA, this ⎽2⎺4⎺ day of August, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

6